KPIELE-PODA v. PATTERSON-UTI ENERGY
2023 OK 11
Case Number: 119375
Decided: 02/14/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 11, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

MWANDE SERGE KPIELE-PODA, an individual, Plaintiff/Appellant,
v.
PATTERSON-UTI ENERGY, INC., UNIVERSAL PRESSURE PUMPING, INC., SEVENTY SEVEN OPERATING, LLC, PERFORMANCE TECHNOLOGIES LLC, CAMBELT INTERNATIONAL CORP., CAMBELT INTERNATIONAL, LLC, CAMBELT INTERNATIONAL, LLC, U.S. SILICA COMPANY, SANDBOX LOGISTICS, LLC, SANDBOX ENTERPRISES, LLC, SANDBOX LEASING, LLC, SANDBOX TRANSPORTATION, LLC, and CASILLAS OPERATING, LLC, Defendants,
and
OVINTIV MID-CONTINENT, INC., Defendant/Appellee.
MWANDE SERGE KPIELE-PODA, an individual, Plaintiff/Appellant,
v.
PATTERSON-UTI ENERGY, INC., UNIVERSAL PRESSURE PUMPING, INC., SEVENTY SEVEN OPERATING, LLC, PERFORMANCE TECHNOLOGIES LLC, Defendants/Appellees, 
and
CAMBELT INTERNATIONAL CORP., CAMBELT INTERNATIONAL, LLC, CAMBELT INTERNATIONAL, LLC, U.S. SILICA COMPANY, SANDBOX LOGISTICS, LLC, SANDBOX ENTERPRISES, LLC, SANDBOX LEASING, LLC, SANDBOX TRANSPORTATION, LLC, CASILLAS OPERATING, LLC, and OVINTIV MID-CONTINENT, INC. Defendants.
ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, 
STATE OF OKLAHOMA
HONORABLE CINDY H. TRUONG, TRIAL JUDGE
¶0 Employee was injured at a wellsite in Kingfisher County while repairing a conveyor that activated and crushed his legs. While Employee's Workers' Compensation claim was still pending, he filed a petition asserting negligence and products liability in the District Court of Oklahoma County against his employers, two wellsite operators, and the manufacturers and distributors of the conveyor. Ovintiv Mid-Continent, Inc. was named in the body of the petition but omitted from the caption. After the statute of limitations period expired, Employee amended his petition to add Ovintiv Mid-Continent, Inc. as a defendant in the petition's caption. A second amended petition added other parties. Ovintiv Mid-Continent, Inc. moved to dismiss arguing the claim was time-barred because the amended petition did not relate back to the first petition. Employee's employers also moved to dismiss arguing the Administrative Workers' Compensation Act and Oklahoma precedent preclude employees from simultaneously maintaining an action before the Workers' Compensation Commission and in the district court. The district court granted each dismissal motion and certified each order as appealable pursuant to (A). We retained and consolidated Employee's separate appeals. We hold: 1) the district court erred when it dismissed Employee's action against Ovintiv Mid-Continent, Inc. as time-barred; and 2) the district court properly dismissed Employee's intentional tort action for lack of subject matter jurisdiction.
MATTERS PREVIOUSLY RETAINED FOR DISPOSITION;
DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART. 
Daniel Talbot, TALBOT LAW GROUP, Oklahoma City, Oklahoma for Plaintiff/Appellant, Mwande Serge Kpiele-Poda.
J. Todd Woolery, Jodi C. Cole, and Katelyn King, MCAFEE & TAFT, Oklahoma City, Oklahoma for Defendant/Appellee Ovintiv Mid-Continent, Inc.
Toby McKinstry, TOMLINSON -- MCKINSTRY, P.C., Oklahoma City, Oklahoma for Defendants/Appellees Patterson-UTI Energy, Inc., Universal Pressure Pumping, Inc., Seventy Seven Operating, LLC, and Performance Technologies, LLC.
OPINION
ROWE, V.C.J.:
¶1 In this consolidated appeal of separate district court dismissal orders, we are tasked with deciding two questions: 1) whether the district court erred by dismissing Employee's amended petition, finding it was time-barred; and 2) whether the district court erred by dismissing Employee's intentional tort claim while his workers' compensation claim remained pending.
I. BACKGROUND
¶2 On June 4, 2018, Mwande Serge Kpiele-Poda ("Employee") was injured at a wellsite while repairing a Sandbox Conveyor ("Conveyor"). During the repair, a part of the Conveyor activated and crushed both of Employee's legs. Employee filed a workers' compensation claim for injury to his legs and lower back, naming Universal Pressure Pumping, Inc. ("UPPI") as his employer. This claim remains pending.
¶3 Following the injury, Employee received medical treatment, and UPPI's workers' compensation insurance carrier voluntarily paid Employee temporary benefits. The Workers' Compensation Commission ("Commission") issued orders awarding medical examinations, authorizing medical treatment, and changes in treating physician.
¶4 On June 2, 2020, two days before the expiration of the statute of limitations for Employee's claims relating to his injuries, he filed a petition ("Original Petition") in Oklahoma County District Court against his employer, the manufacturer of the Conveyor, and the owner and operators of the well location. Employee alleged that UPPI and three other alleged employers, Patterson-UTI Energy, Inc., Seventy Seven Operating, LLC, and Performance Technologies, LLC (collectively, "Employers"), "ordered, encouraged, allowed, or otherwise caused Plaintiff to service and/or repair a part of the Sandbox Conveyor while requiring other parts of the Sandbox Conveyor to continue operating with the knowledge that injury and/or death was substantially certain to occur not merely foreseeable or substantially likely." Employee also referred to Ovintiv Mid-Continent, Inc. ("Ovintiv") in the general allegations as an owner or operator of the wellsite and alleged Ovintiv contributed to Employee's injuries under a theory of negligence. Employee did not list Ovintiv as a defendant in the caption of the lawsuit.
¶5 Before serving the Original Petition on any defendant, but after the limitations period expired, Employee discovered the omission of Ovintiv in the caption. On September 23, 2020, Employee filed an amended petition ("Amended Petition"), which included Ovintiv in the caption. All defendants were served with summons and the Amended Petition on October 26, 2020, followed by a second amended petition served almost a month later.
¶6 Ovintiv and Employers filed separate motions for dismissal. Ovintiv's motion to dismiss argued Employee's negligence claim was time-barred because Ovintiv was not sued prior to the expiration of the statute of limitations and the Amended Petition did not relate back to the original filing date pursuant to Oklahoma's relation back statute. The district court granted Ovintiv's motion to dismiss, concluding "the statute of limitation ran" and also granted Employee's oral motion to certify the ruling as immediately appealable. Employee timely appealed the dismissal order and we retained the matter for disposition.
¶7 Employers' motion to dismiss argued the district court lacked subject matter jurisdiction over Employee's intentional tort claim because Employee's remedy was under the exclusive jurisdiction of the Commission. The district court granted Employers' motion to dismiss, finding Employee could not simultaneously maintain an action before the Commission and the district court. Employee appealed, and we retained the matter for disposition. We consolidated Employee's separate appeals for review.
II. STANDARD OF REVIEW
¶8 This Court will review the district court's grant of dismissal motions de novo. See, e.g., Woods v. Prestwick House, Inc., , ¶ 14, , 1187--88 (although limitations issues may involve mixed questions of fact and law, generally, in this Court they are reviewed de novo); Farley v. City of Claremore, , ¶ 17, , 1224 (an order granting a motion to dismiss that raises a jurisdictional issue is reviewed de novo and allegations of a petition are deemed as true similar to a review of a § 2012(B)(6) motion to dismiss).
¶9 The issues before us pose questions of statutory interpretation. A statute's construction and application presents a question of law that is reviewed de novo. Strickland v. Stephens Prod. Co., , ¶ 4, , 372. De novo review "involves a plenary, independent, and non-deferential examination of the trial court's legal rulings." Id.
III. ANALYSIS
A. Employee's Original Petition Was Timely Filed Against Ovintiv.
¶10 Oklahoma's general rules of pleading require a pleading to contain only "[a] short and plain statement of the claim showing the pleader is entitled to relief." (A)(1). In addition, a pleading must contain a caption which sets forth the name of the court, title of the action, file number, and "shall include the names of all the parties." (A). However, "[t]he general philosophy in [Oklahoma's Pleading Code, et seq.] is that pleadings should give fair notice of the claim and be subject to liberal amendment, should be liberally construed so as to do substantial justice, and that decisions should be made on the merits rather than on technical niceties." Wilson v. Webb, , ¶ 9, 221 P.3d 730, 734.
¶11 Both parties cite Klopfenstein v. Oklahoma Deptartment of Human Services, , in support of their position. In Klopfenstein, the Oklahoma Court of Civil Appeals held "[a]lthough the Oklahoma and federal rules of pleading require parties to be named in the caption of a petition, the failure to do so is not necessarily fatal." Id. ¶ 14, 177 P.3d at 597. Employee contends the omission of Ovintiv is not fatal because the Original Petition clearly states a cause of action against Ovintiv, and Ovintiv received notice within the required time period. Ovintiv argues that while the failure to name a party in the caption of a lawsuit is not always fatal to the action, it did not receive "fair notice" and would be prejudiced if forced to defend against the alleged claims.
¶12 Ovintiv's contention that it did not receive notice is misguided. Contrary to Ovintiv's position, the law does not require notice prior to the expiration of the statute of limitations. (I) requires service to be made 180 days from the date of filing. Here, Employee was required to serve summons of the petition within 180 days of the date of filing the Original Petition. Before serving the Original Petition on all defendants, Employee discovered Ovintiv's omission from the caption. Employee timely amended his petition to correct the mistake pursuant to (A). The Amended Petition was then served on all defendants on September 23, 2020--well within the 180 day service requirement. Thus, Ovintiv received fair notice of the claims against it along with the other defendants.
¶13 Here, the omission of Ovintiv in the lawsuit's caption is not fatal. The caption of a petition is the heading which shows the names of the parties, the name of the court, and number of the case on the docket--the caption is not part of the substance of a petition. Although § 2010(A) requires the name of all parties to be included in the caption, an omission of a party from a caption is not necessarily fatal. The omission of a party from the caption is not fatal where the party is sufficiently named in the body of the petition; § 2010(A) is satisfied by an amended petition filed pursuant to § 2015(A); and the amended petition is served within 180 days from the filing date of the original petition pursuant to § 2004(I).
¶14 Reading § 2010(A) in harmony with § 2015(A) and § 2004(I), we find Employee's Original Petition was timely filed against Ovintiv. The body of the Original Petition identified Ovintiv as an owner of and or operator of the site on which Employee was working and where Ovintiv could be served with process; Employee amended the Original Petition to add Ovintiv to the caption; and Ovintiv received fair notice when Ovintiv was served with the Amended Petition within 180 days of the filing of the Original Petition. Our finding comports with the Oklahoma Pleading Code's objective to promote substantial justice and our extant caselaw. Accordingly, the trial court's dismissal of Employee's action against Ovintiv as time-barred is reversed.
B. Employee May Not Simultaneously Maintain An Action in the Workers' Compensation Court and the District Court.
¶15 Oklahoma's Administrative Workers' Compensation Act ("AWCA") places a duty upon employers to bear the responsibility for compensating employees for accidental personal injuries arising out of and in the course of employment. . For accidental injuries incurred in the course of employment, the rights and remedies afforded to the injured employee under AWCA are "exclusive of all other rights and remedies of the employee." (A). The exclusive remedy does not apply, however, if an employer fails to secure payment of compensation or if the injury was caused by an intentional tort committed by the employer. (B). If either exception is present, "the injured employee or his legal representative may maintain an action either before the Commission or in the district court, but not both." (I). 
¶16 The question of whether Employee is statutorily entitled to maintain an action for intentional tort in the district court while simultaneously pursuing a workers' compensation claim concerns the application and interpretation of (I). Section 5(I) provides:
If the employer has failed to secure the payment of compensation as provided in this act or in the case of an intentional tort, the injured employee or his legal representative may maintain an action either before the commission or in the district court, but not both. 
Employers contend Employee's work-related injuries fall exclusively within the jurisdiction of the Commission, and that (I) prohibits Employee from simultaneously pursuing a remedy for the same injuries before the Commission and the district court. Conversely, Employee contends he has a right under AWCA to assert a claim in the district court for intentional tort because he has not elected his remedy with the Commission, or in the alternative, he is not precluded from maintaining an action in the district court because the Commission has not rendered a final adjudication.
¶17 To support their position, Employers rely upon Farley v. City of Claremore, , . In Farley, a spouse's husband was killed due to a work-related injury. She sought and obtained workers' compensation death benefits for the death of her husband. Eleven months after the conclusion of the workers' compensation proceeding, she brought a claim in the district court for damages alleging her husband's death was caused by an intentional tort committed by her husband's employer. Id. ¶ 1, 465 P.3d at 1218. The employer filed a motion to dismiss arguing the "workers' compensation remedy was the sole remedy for the plaintiff and plaintiff has previously and successfully pursued that remedy and was seeking double recovery." Id. ¶ 3, 465 P.3d at 1219. The district court granted the employer's motion to dismiss for lack of subject matter jurisdiction and plaintiff appealed to this Court. We upheld the dismissal, finding that because her spouse's wrongful death injury was fully adjudicated and compensated, the successful adjudication demonstrated the injury was exclusively before the Commission and not within the jurisdiction of the district court. Id. ¶ 68, 465 P.3d at 1243.
¶18 Employers' reliance on Farley is misguided. In Farley the surviving spouse successfully concluded her workers' compensation claim then asserted a claim in the district court, wherein we applied the doctrine of claim preclusion. Claim preclusion was applicable because the surviving spouse sought an intentional tort claim in the district court after her workers' compensation claim reached a final adjudication. We held "an adjudication of the accidental nature of an employee's death precludes a subsequent District Court action collaterally attacking the accidental nature of the injury alleging it arose from an intentional tort outside the jurisdictional scope of an award by the Workers' Compensation Commission." Id. ¶ 30, 465 P.3d at 1230. Farley is not conclusive here because the facts are distinguishable and the doctrine of claim preclusion is not applicable.
¶19 To answer the question before us, we look to the text of § 5(I). "The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by statutory language." Odom v. Penske Truck Leasing Co., , ¶ 17, , 528. "It is presumed that the Legislature has expressed its intent in a statute's language and that it intended what it so expressed." Id. "Only where legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation employed." Id. ¶ 18, , at 528. (citations omitted). "The test for ambiguity in a statute is whether the statutory language is susceptible to more than one reasonable interpretation." Id. (citations omitted).
¶20 We find no ambiguity in § 5(I). Section 5(I) permits an employee to maintain an action either before the Commission or in the district court, but not both. The word "either" demonstrates the Legislature intended for an employee to choose one forum to pursue his claim--not two forums. This interpretation is further supported by the statute's language "but not both" at the end of the sentence. Such language reinforces the requirement to choose between two forums--which serves to protect employers from defending against two claims filed simultaneously in different forums--and bolsters the underlying public policy against double recovery.
¶21 Despite the explicit language, Employee contends he may maintain a claim in both forums simultaneously because his workers' compensation claim has not yet reached a point of conclusion. His position is contrary to the text. First, the text does not say that one claim must reach finality to exclude the pursuit of a claim in another forum. Second, the text says an employee may "maintain an action." The plain and ordinary meaning of "maintain an action" means to pursue, continue, or institute. Thus, when an employee chooses a forum, invokes its jurisdiction, and pursues that claim, he is effectively maintaining his action.
¶22 When an employee's injury arises out of and in the course of employment, the rights and remedies granted to that employee are exclusive under AWCA, meaning there is not a choice between different forums. However, when allegations of intentional tort are present, the rights and remedies are no longer exclusive under AWCA, and a choice between two forums is available. According to the text of § 5(I), the injured employee is afforded a choice of pursuing and maintaining an action either before the Commission or in the district court, but not both.
¶23 Here, Employee's injuries arose out of and in the course of his employment; thus his rights and remedies fell under AWCA. However, Employee's allegations of intentional tort against Employers provided him a choice between two forums--the Commission or the district court, but not both. Employee gave notice of his claim for compensation by filing a CC-Form 3, which invoked the jurisdiction of the Commission. Employee chose the Commission as the forum in which to pursue his remedy when he filed the CC-Form 3. While his workers' compensation claim remained pending, he filed his district court action, which is explicitly prohibited by the text of § 5(I). Employee is not entitled to maintain an action simultaneously before the Commission and in the district court. Accordingly, the trial court's dismissal of Employee's tort action against Employers for lack of subject matter jurisdiction is affirmed.
IV. CONCLUSION 
¶24 We find Employee's Original Petition was timely filed against Ovintiv. Although Ovintiv was not included in the caption of the Original Petition, Ovintiv was sufficiently included in the body of the Original Petition, Employee timely amended the Original Petition to include Ovintiv in the caption, and Ovintiv received fair notice when it was served the Amended Petition within 180 days. Accordingly, the district court's dismissal is reversed.
¶25 We find (I) of the Administrative Workers' Compensation Act unambiguously permits an employee to maintain an action either before the Commission or in the district court, but not both. Employee invoked the jurisdiction of the Commission and has maintained his action in that forum. Accordingly, Employee is statutorily prohibited from maintaining a simultaneous action in the district court and the district court's dismissal is affirmed.
MATTERS PREVIOUSLY RETAINED FOR DISPOSITION;
DISTRICT COURT AFFIRMED IN PART, REVERSED IN PART. 
Kane, C.J., Rowe, V.C.J., Winchester, Edmondson, Kuehn, JJ., concur.
Gurich, J., (by separate writing), with whom Kauger, Combs, and Darby, JJ., join, concurring in part and dissenting in part.
FOOTNOTES
 Employee's Original Petition, ¶ 8.
 Paragraph Four of Employee's Original Petition in the "General Allegations" alleges, "On or about June 4, 2018, Ovintiv Mid-Continent, Inc. (a Delaware Corporation that can be served with process by serving the registered service agent, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159) was the owner of and/or operator in charge of the site on which Plaintiff was working."
Paragraphs 27-29 of Employee's Original Petition under Employee's "Fourth Cause of Action -- Products Liability" alleges Ovintiv Mid-Continent and Casillas Operating, LLC were acting in concert with each other in a negligent manner that resulted in the injuries; Ovintiv Mid-Continent is "responsible under a theory of respondeat superior;" and as a result of Ovintiv Mid-Continent's negligence, Employee suffered injuries.
 The Amended Petition also amended the heading of the Fourth Cause of Action from Products Liability to Negligence.
 Ovintiv's Motion to Dismiss seeks dismissal only of Defendant Ovintiv Mid-Continent, Inc..
 Trial Tr. 12:8.
 Employers' Motion to Dismiss seeks dismissal of the following alleged Employers: Universal Pressure Pumping, Inc., Patterson-UTI Energy, Inc., Seventy Seven Operating, LLC, and Performance Technologies, LLC.
 "A. CAPTION; NAMES OF PARTIES. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in subsection A of Section 7 of this act. In the petition the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties. In a third-party petition the title of the action shall include the names of the parties to the third-party action; a counterclaim and a cross-claim shall include the names of the claimants and the parties against whom the claim is asserted; and a motion and petition in intervention shall include the names of the intervenors and the adverse parties. When a party is suing or being sued in a representative capacity, this should be stated in the title of the action." (A) (emphasis added).
 In Klopfenstein, the appellant filed a petition with the Oklahoma Merit Protection Commission ("MPC") alleging that the Department of Human Services ("DHS") had removed her essential job duties in retaliation for appellant filing an internal grievance. Klopfenstein, , ¶ 2, 177 P.3d at 595. The MPC denied the petition and appellant filed a petition for administrative appeal in the trial court. The petition for appeal did not name MPC as a party defendant in its caption, but MPC was named in the body of the petition and MPC received notice of the petition for appeal. Id. at ¶ 4, 177 P.3d at 596. DHS moved to dismiss on the grounds that appellant failed to name MPC as a defendant in the action. Id. ¶ 5, 177 P.3d at 596. The district court determined that although "MPC was not named as a party in the caption, . . . MPC was clearly named as party in the body of the petition." Id. ¶ 13, 177 P.3d at 597. The Court of Civil Appeals agreed with appellant that "the petition must be read as a whole." Id.
 We are not bound by the decisions of the Court of Civil Appeals. "The Court of Civil Appeals opinions are not binding on this Court. . ." Foshee v. Foshee, , ¶ 14, , 1168 n.6.
 Ovintiv's Motion to Dismiss cites to Klopfenstein v. Okla. Dept. of Human Serv., , ¶ 14, , 599.
 Once an action is initiated within the prescribed statute of limitations, a plaintiff has 180 days after the filing of the petition to serve summons upon the defendant. (I). 
(I) provides "If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice."
 "I. SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice. The action shall not be dismissed if a summons was served on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid. After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge. If the new summons is not served within the specified time, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition." (I).
 According to (A), "[a] party may amend his or her pleading once as a matter of course at any time before a responsive pleading is served." Because Employee did not serve the Original Petition, he was free to amend the Original Petition and timely serve the Amended Petition.
 See Employee's Original Petition, pg 3, ¶ 4.
 Because we resolve Employee's appeal to Ovintiv's Motion to Dismiss by finding Ovintiv was timely sued, we do not need to address the arguments raised regarding Oklahoma's Relation Back Statute, (C).
 (A) provides in relevant part, "A. Every employer and every employee, unless otherwise specifically provided in this act, shall be subject and bound to the provisions of the Administrative Workers' Compensation Act and every employer shall pay or provide benefits according to the provisions of this act for the accidental injury or death of an employee arising out of and in the course of his or her employment, without regard to fault for such injury, if the employee's contract of employment was made or if the injury occurred within this state."
 "A. The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have." (A).
 "B. Exclusive remedy shall not apply if:
1. An employer fails to secure the payment of compensation due to the employee as required by this act. An injured employee, or his or her legal representative in case death results from the injury, may, at his or her option, elect to claim compensation under this act or to maintain a legal action in court for damages on account of the injury or death; or
2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law." (B).
 "I. If the employer has failed to secure the payment of compensation as provided in this act or in the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either before the Commission or in the district court, but not both." (I).
 "Res judicata is identified with claim preclusion and ordinarily applied when a claim in a second suit is the same as the claim adjudicated on the merits and to finality in the first proceeding." Farley v. City of Claremore, , ¶ 24, , 1227.
 The Fifth Edition of Black's Law Dictionary provides that "maintain an action" "may mean to commence or institute it; the term imports the existence of a cause of action. . . . In this connection it means to continue to preserve in or with; to carry on." Maintain, Black's Law Dictionary (5th ed. 1979). The Eleventh Edition of Black's Law Dictionary defines "maintain" as "to continue (something)." Maintain, Black's Law Dictionary (11th ed. 2019).
 A CC-FORM-3 is an employee's first notice of a claim for compensation.
 "The jurisdiction of the Workers' Compensation Court is vested at the time an employee or employer gives notice of a work related injury." Romero v. Workers' Compensation Court, , ¶ 9, , 1254.

GURICH, J., with whom Kauger, Combs, and Darby, J.J., join, concurring in part and dissenting in part:
¶1 I concur in the majority decision to reverse the trial court's dismissal of Ovintiv Mid-Continent but dissent to affirmation of the trial court's dismissal of UPPI and the related defendants.
¶2 Plaintiff alleges that he was employed by Universal Pressure Pumping, Inc. ("UPPI"). Plaintiff also alleges that the parent company of Universal Pressure, Seventy Seven Operating LLC and Performance Technologies, LLC is Patterson-Uti Energy, Inc. Plaintiff refers to these entities as the UPPI defendants. He alleges that at the time of his injury on June 4, 2018, he was in the course and scope of his employment for one or all of the UPPI defendants. Plaintiff brings his first cause of action against these defendants alleging an intentional tort.
¶3 On October 16, 2018, Plaintiff filed a Form 3 with the Workers' Compensation Commission against Universal Pressure Pumping, Inc., alleging that he was employed by UPPI at the time of his accident. He sustained bilateral fractures to his femurs. He also alleged a consequential back injury. Plaintiff admits that he has received temporary total disability ("TTD") payments and medical treatment from the insurance carrier for his employer, ACE American Insurance Co.
¶4 The Form-A Order recites that the respondent admits that the Claimant sustained a compensable injury. Claimant's injury satisfies the definition of compensable injury for a workers' compensation claim, but sustaining a compensable injury does not by itself establish jurisdiction. Although, an individual injured on the job generally has only one available remedy before the Workers' Compensation Commission ("Commission"), Section 5(B) of Title 85A excepts this exclusive remedy in cases where the employee's injury was caused by an intentional tort. In the case of an intentional tort, the injured employee can pursue a workers' compensation claim or a civil action in district court. Title 85A, Section 5(I) states:
If the employer has failed to secure the payment of compensation as provided in this act or in the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either before the Commission or in the district court, but not both.
(I).
¶5 Even if a claimant files with the Commission, they may dismiss the pending claim at any time before final submission of the case to the Commission for decision. Title 85A, Section 108 provides:
Any claimant may, upon the payment of the Workers' Compensation Commission's filing fee, dismiss any claim brought by the claimant at any time before final submission of the case to the Commission for decision. Such dismissal shall be without prejudice unless the words "with prejudice" are included in the order. If any claim that is filed within the statutory time permitted by Section 18 of this act is dismissed without prejudice, a new claim may be filed within one (1) year after the entry of the order dismissing the first claim even if the statutory time for filing has expired.
. The only final adjudication of a workers' compensation claim is by joint petition settlement set forth in or by adjudication by the Commission pursuant to .
¶6 The Court in Pryse Monument Co. v. District Court of Kay County, , , addressed the issue of dual remedies arising from a single injury and the necessity for a final conclusion to bar other remedies. The Court opined that when two coexisting but inconsistent remedies were pending, "one of them, at the claimant's election, would be abatable as vexatious." ¶ 2, 595 P.2d at 437 (emphasis added). "The abatement's inchoate bar becomes absolute and conclusive when the remedy, once chosen has been pursued to a point of conclusion." Id. (emphasis added). To make this bar applicable, three elements are required: "(a) two or more remedies must be in existence (b) the available remedies must be inconsistent (c) choice of one remedy and its pursuit to conclusion must be made with knowledge of alternatives that are available." Id. (emphasis added). Pryse takes great care to point out that the remedy must be pursued to a point of conclusion and that it is the claimant's choice which remedy to pursue.
¶7 A more recent case, Farley v. City of Claremore, , 465 P.3d 1214, affirmed this single recovery theory. In Farley, a surviving spouse pursued and received death benefits from the Commission. Id. ¶¶ 1--3, 465 P.3d 1218--20. Ten months after the Commission's award of death benefits, the surviving spouse brought a tort claim for the same injury in district court. Id. ¶ 3, 465 P.3d 1220. The Court held that the Plaintiff's action in district court was estopped because she had received a final order awarding death benefits from the Oklahoma Workers' Compensation Commission. Id. ¶¶ 4, 5, 67 465 P.3d at 1214, 43. Like in Pryse, Farley takes great care to state that the preclusive effect of obtaining benefits from the Commission does not exist until after a final adjudication from the Commission.
The Court stated:
Generally, res judicata and collateral estoppel apply to jurisdictional questions, and to a final and express adjudication of an issue properly before an administrative body that is subsequently raised between the same parties or their privies. The preclusive effect of a final adjudication includes a final determination before the Workers' Compensation Commission. This final adjudication includes a determination an injury is compensable because it resulted from an accident.
Id. ¶ 30, 465 P.3d 1229--30 (emphasis added).
¶6 In this case, The Plainitff sustained a very serious injury and promptly filed his claim with the Commission. The record is clear on this issue--there is no adjudication of compensability and claimant is not actively pursuing adjudication. In fact, a request to hold the case in abeyance has been filed. It is not clear that the Commission will in fact stay this case because a delay in the case may result in the employer seeing a dismissal. Yet, the majority will dismiss this case due to its construction of Section 5(I) to mean that Plaintiff may only file an action in either the Commission or the district court, not both.
¶7 The majority's holding in this case is too restrictive. Section 5(I) refers to a prohibition against maintaining an action before both the Commission and the district court. To maintain an action implies that the action will continue to its final conclusion. Filing a claim simply preserves the remedy. This is borne out if you look at the rationale behind the limiting language and the applicable case law.
¶8 The language limiting recovery to one court is so that the injured employee does not double dip and receive two sets of damages for the same injury. Until there is a finalized recovery, however, there can be no double dipping. This is because a claimant has not received a remedy until a final order is entered. See Pryse Monument Co. v. District Court of Kay County, , ; Farley v. City of Claremore, , 465 P.3d 1214. There is solid reasoning for why this is--a claimant may not even be able to recoup under one remedy, but if they are estopped from even being able to file to preserve another remedy, they may be wholly blocked from pursuing their legitimate claim.
¶9 Importantly, allowing such a case to proceed to its final conclusion does not prejudice any party, not even the insurer who has voluntarily paid out benefits. The insurer would be allowed to recoup any errantly paid benefits against the claimant, making both the claimant and insurer whole when a different remedy is maintained to its conclusion.
¶10 Accordingly, Section 5(I) should be read to allow the injured employee to preserve inconsistent remedies, but not allow recovery from both. This is consistent with both the statute and the supporting case law. In the present case, there has been no final resolution of the workers' compensation claim or the district court case. Pursuant to Pryse and Farley, Plaintiff has a choice of remedies and should be allowed to file a claim and preserve both until one reaches a conclusion. Therefore, dismissal is inappropriate in this case.
FOOTNOTES
 (9)(a).
 Title 85A, O.S. Supp. 2013, § 5(B)(2) states:
B. Exclusive remedy shall not apply if:
2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law.
 (A)(1) provides:
A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Commission within one (1) year from the date of the injury. If during the one-year period following the filing of the claim the employee receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act. (B) (1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one (1) year from the date of the last payment of disability compensation or two (2) years from the date of the injury, whichever is greater.
 (A)(4):
If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not: (a). make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or (b). receive or seek benefits, including medical treatment, under this title for a period of six (6) months,then on motion by the employer, the claim shall be dismissed with prejudice.
 The phrase "maintain an action either in the Workers' Compensation Court or in the district court, but not both" has been part of previous statutes, namely (I); (v). Prior to statutory codification, however, case law provided a remedy in district court for issues arising in tort as workers' compensation only covered accidental injury. See ; Thompson v. Madison Machinery Co., Inc., , .
 Definition of maintain an action, https://thelawdictionary.org/maintain-an-action/ (last visited Feb. 6, 2023) ("term applies to the keeping going of a law suit to its final conclusion.").
 Dyke v. Saint Francis Hosp., Inc., , ("the rule in Pryse in essence erects a res judicata bar, and precludes a party using a workers' compensation remedy and a District Court remedy to recover for the same on-the-job injury." (quotation omitted)).
 This limitation on recovery can be seen in Thompson v. Madison Machinery Co., Inc., , , in which the COCA held that the plaintiff could maintain an action in district court and the workers' compensation court because the statute limited injuries to those that were accidental. The main issue was whether the actions of Plaintiff's employer/coworker amounted to a tort, which is a question of fact. The COCA held that summary judgment was improvidently granted because the controverted fact of whether the incident was accidental. and therefore fell under the auspices of the court, was a question of fact and needed to be decided. Id. ¶ 26, 684 P.2d at 570. Plaintiff was allowed to maintain both claims until the district court decided whether the employer had committed an intentional tort against Plaintiff. Id. ¶ 26--27, 684 P.2d at 570.