OSCN Found Document:CACTUS DRILLING CO. LLC, v. THE HONORABLE KORY KIRKLAND, and FAULKNER, et al.

 

 
 CACTUS DRILLING CO. LLC, v. THE HONORABLE KORY KIRKLAND, and FAULKNER, et al.2026 OK 7Case Number: 123508Decided: 02/09/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 7, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

CACTUS DRILLING COMPANY, L.L.C., an Oklahoma Limited Liability Company, Petitioner,
v.
THE HONORABLE KORY KIRKLAND, Grady County District Judge, Respondent,
and
JAMES B. FAULKNER, an individual, and MARIA FAULKNER, an individual, Real Parties in Interest/Plaintiffs,
and
THE CROSBY GROUP, a foreign limited partnership; DIAMONDBACK HOLDINGS, L.L.C., a foreign corporation; and CASEY MCCONNELL, an individual; MATT MCKINLEY, an individual, Real Parties in Interest/Defendants.

ORDER

¶1 We previously assumed original jurisdiction. Okla. Const. art. VII, § 4. A writ of prohibition is issued to Grady County District Court Judge Kory Kirkland, or any other assigned judge, in James B. Faulkner and Maria Faulkner v. Cactus Drilling Company, LLC, No. CJ-2021-175 (Grady County), barring the enforcement of the September 11, 2025 Journal Entry of Judgment. A writ of mandamus is also issued, ordering the district court to dismiss all claims brought by Real Parties in Interest James B. Faulkner and Maria Faulkner.

¶2 In 2019, James B. Faulkner ("Faulkner") was injured while working on a drill line at an oil rig when a 30-pound piece of equipment malfunctioned and fell from a height of 40 feet, striking him on the hard hat and causing a traumatic brain injury. In 2021, Faulkner filed a district court action against his employer, Cactus Drilling Company, LLC ("Employer"). He also filed a workers' compensation claim. In 2022, Employer moved to dismiss the district court case, citing the exclusivity provision in the Oklahoma Administrative Workers' Compensation Act ("AWCA"). On January 26, 2023, the district court granted the motion to dismiss as to Faulkner's negligence claim, but allowed his gross negligence claim to proceed.

¶3 On February 13, 2023, Employer filed a motion to reconsider based on the Court's then recent decision in Kpiele-Poda v. Patterson-UTI Energy, 2023 OK 11525 P.3d 28

¶4 On February 13, 2025, Employer reurged its motion to reconsider the district court's decision on the motion to dismiss. In the alternative, Employer requested that Faulkner repay the workers' compensation benefits, amounting to over $265,000 for indemnification and medical expenses.

¶5 The district court denied Employer's motion to reconsider, allowing Faulkner to proceed in the district court on his gross negligence claim. The district court held that Faulkner's gross negligence claim did not violate the AWCA's exclusivity rule, subject to subrogation. Employer then sought certiorari of a certified interlocutory order, which this Court recast as an application to assume original jurisdiction.

¶6 The district court correctly dismissed Faulkner's negligence claim. The rights and remedies granted to an employee under the AWCA "[s]hall be exclusive of all other rights and remedies of the employee." 85A O.S. Supp. 2019, § 5(A). Therefore, district courts do not have jurisdiction over actions rising from accidental work-related injuries; such cases fall solely under the jurisdiction of the workers' compensation commission. Parret v. UNICCO Service Co., 2005 OK 54127 P.3d 572

¶7 The issue this Court must decide is whether Faulkner's filing of a workers' compensation claim and his receipt of workers' compensation benefits bars his gross negligence claim, even though he later chose to dismiss his workers' compensation claim. We hold that Faulkner's gross negligence claim violates the AWCA's exclusivity provisions.

¶8 While an employee is permitted to file an intentional tort action in district court against his employer, the claim is still subject to the Court's prohibition against claim-splitting. See Kpiele-Poda, 2023 OK 11525 P.3d 28Kpiele-Poda, the injured employee filed a workers' compensation claim and received medical treatment, along with temporary benefits. He then filed a district court action against his employee for negligence and an intentional tort. The employer moved to dismiss the employee's claim in district court based on the AWCA's exclusivity rule. Id. ¶¶ 4-6, 525 P.3d at 29-30. The Court looked to the plain language of 85A O.S.2021, § 5

If the employer has failed to secure the payment of compensation as provided in the [AWCA] or in the case of an intentional tort, the injured employee or his or her legal representative may maintain an action either before the Oklahoma Workers' Compensation Commission or in the district court, but not both.

Kpiele-Poda, 2023 OK 11

¶9 The Court construed this section as indicating the Legislature's intent for an employee to choose one forum to pursue his claim, rather than two forums. The language "but not both" emphasized this requirement to choose between two forums, which we explained "serves to protect employers from defending against two claims filed simultaneously in different forums--and bolsters the underlying public policy against double recovery." Id. ¶ 20, 525 P.3d at 35. The Kpiele-Poda Court affirmed the dismissal of the employees' claim, including his claim for an intentional tort.

¶10 Like the employee in Kpiele-Poda, Faulkner has already sought an exclusive remedy for his injuries arising through his workers' compensation action and has received over $265,000 in workers' compensation benefits. See 85A O.S.2021, § 5Kpiele-Poda, 2023 OK 11see also Farley v. City of Claremore, 2020 OK 30465 P.3d 1213. As we stated in Kpiele-Poda, "the plain and ordinary meaning of 'maintain an action' means to pursue, continue, or institute." Id. ¶ 21, 525 P.3d 28instituted a workers' compensation claim, invoked the Workers' Compensation Commission's jurisdiction, pursued and continued that claim for almost two years, and received benefits, he maintained his action as provided in the AWCA, even if he later chose to dismiss it. Id. 

¶11 The district court recognized that allowing Faulkner's intentional tort claim to proceed in district court could violate the public policy against double recovery and therefore, placed a caveat that any recovery would have to subrogated. However, subrogation does not apply in this case. Under Oklahoma law, a party that brings a subrogation action assumes the legal rights of its insured to recover money owed by the at-fault third party. 85A O.S. Supp. 2019, § 43(B)(1). Employer, through its workers' compensation carrier, cannot file an action against itself. Additionally, there is no statutory provision that allows the employer to recover the full amount of workers' compensation benefits it has already paid. Instead, Employer would have to initiate a subrogation action against itself, which is not permissible under the law and ultimately allows for double recovery.

¶12 For these reasons, we issue a writ of prohibition, barring the enforcement of the September 11, 2025 Journal Entry of Judgment, and a writ of mandamus, ordering the district court to dismiss all claims brought by James B. Faulkner and Maria Faulkner against Cactus Drilling Company, L.L.C.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 9TH DAY OF FEBRUARY, 2026.

 

                                                                                                          s/____________________________
                                                                                                             CHIEF JUSTICE

ALL JUSTICES CONCUR.

FOOTNOTES

Any claimant may, upon the payment of the Workers' Compensation Commission's filing fee, dismiss any claim brought by the claimant at any time before final submission of the case to the Commission for decision. Such dismissal shall be without prejudice unless the words "with prejudice" are included in the order. If any claim that is filed within the statutory time permitted by Section 18 of this act is dismissed without prejudice, a new claim may be filed within one (1) year after the entry of the order dismissing the first claim even if the statutory time for filing has expired.

We note that Faulkner could have dismissed his claim without prejudice, allowing him to refile within one year. However, he chose to dismiss it with prejudice.